IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANITA HOOKS | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-00807 |
| | § | (Jury) |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND MICHAEL JOHN STEVENS | § | |
| *Defendants.* | § | |

---

## INDEX OF MATTERS BEING FILED

---

Pursuant to the Local Rule 81.1 of the Northern District of Texas, Defendants Knight

Transportation, Inc. and Michael John Stevens attach this Index of Matters Being Filed to their

Notice of Removal.

1.  Plaintiff's Original Petition and Request for Disclosure (Filed 02/22/2017;

2.  Civil Case Information Sheet (Filed 02/22/2017);

3.  Citation of Knight Transportation, Inc. (Issued 02/22/2017);

4.  Citation of Michael John Stevens (Issued 02/22/2017);

5.  Return of Service of Knight Transportation, Inc. (Filed 03/02/2017);

6.  Return of Service of Michael John Stevens (Filed 03/13/2017);

7.  Defendants' Original Answer (Filed 03/21/2017); and

8.  Docket Sheet (Issued 03/22/2017).

Exhibit A

DATED this 22nd day of March, 2017.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Zach T. Mayer*
      Zach T. Mayer
      State Bar No. 24013118
      zmayer@krcl.com
      Nathan K. Tenney
      State Bar No. 24080017
      ntenney@krcl.com
      1601 Elm Street, Suite 3700
      Dallas, Texas 75201
      214.777.4200  /  Fax 214.777.4299

**ATTORNEYS FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC. AND
MICHAEL JOHN STEVENS**

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of March 2017, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Spencer P. Browne
REYES BROWNE REILLEY
5950 Berkshire Lane, Suite 410
Dallas, Texas 75225
(214) 526-7900 Telephone
(214) 526-7910 Facsimile
spencer@reyeslaw.com
*Attorney for Plaintiff*

☐  E-MAIL
☐  HAND DELIVERY
☐  FACSIMILE (ANSWER ONLY)
☐  OVERNIGHT MAIL
☐  REGULAR, FIRST CLASS MAIL
☒  E-FILE AND E-SERVICE
☐  E-SERVICE (SERVICE ONLY)
☐  CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*/s/ Zach T. Mayer*
Zach T. Mayer

FILED
DALLAS COUNTY
2/22/2017 3:45:05 PM
FELICIA PITRE
DISTRICT CLERK

David Hernandez

DC-17-02209

CAUSE NO. _____

| | | |
|---|---|---|
| CHANITA HOOKS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND MICHAEL JOHN STEVENS | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Chanita Hooks ("Plaintiff") files this Original Petition and Request for Disclosure complaining of Defendants Knight Transportation, Inc. and Michael John Stevens ("Defendants"), and for cause of action states the following:

## DISCOVERY CONTROL PLAN

1.  Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 2.

## DISCLOSURE REQUEST

2.  Request is hereby formally made for Defendants to comply with Rule 194 of the Texas Rules of Procedure. Specifically, formal request is made for Defendants to provide to Plaintiff, pursuant Rules 194.2 and 194.3 of the Texas Rules of Civil Procedure, the following:

**RULE 194.2(a)--**  the correct names of the parties to the lawsuit;

**RULE 194.2(b)--**  the name, address and telephone number of any potential parties;

**RULE 194.2(c)--**  the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RULE 194.2(d)--**  the amount and any method of calculating economic damages;

**RULE 194.2(e)--**  the name, address, and telephone number of persons having knowledge of

A-1

relevant facts, and a brief statement of each identified person's connection with the case;

**RULE 194.2(f)--**   for any testifying expert:

    (1)    the expert's name, address, and telephone number;
    (2)    the subject matter on which the expert will testify;
    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
    (4)    If the expert is retained by, employed by or otherwise subject to the control of the responding party:
        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and
        (B)    the expert's current resume and bibliography;

**RULE 194.2(g)--**   any indemnity and insuring agreements described in Rule 192.3(f);

**RULE 194.2(h)--**   any settlement agreements described in Rule 192.3(g);

**RULE 194.2(i)--**   any witness statements described in Rule 192.3(h);

**RULE 194.2(j)--**   in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RULE 194.2(k)--**   in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RULE 194.2 (l)--**   the name, address, and telephone number of any person who may be

designated as a responsible third party.

## JURY DEMAND

3.    Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a
      jury trial of this matter.  Accordingly, Plaintiff tenders the proper jury fee with the filing of
      Plaintiff's Original Petition.

## PARTIES

4.    Plaintiff Chanita Hooks is an individual residing in Dallas County, Texas.

5.    Defendant Michael John Stevens is a non-resident individual who resides at 3605 Gautier
      Vancleave Rd, Gautier, Mississippi 39553.   Pursuant to CPRC § 17.061et seq., service of
      process may be accomplished by service on the Chairman of the Texas Transportation
      Commission Tryon D. Lewis, Texas Transportation Commission, 125 E. 11th Street, Austin,
      Texas 78701, who will accomplish service upon Defendant Michael John Stevens by mailing
      a copy of the citation and petition to the defendant by registered mail or certified mail return
      receipt requested to 3605 Gautier Vancleave Rd, Gautier, Mississippi 39553.

6.    Defendant Knight Transportation, Inc. is an entity that is doing business in the State of Texas
      and may be served through its registered agent C T Corporation System, 1999 Bryan St., Ste.
      900, Dallas, Texas, 75201.

## VENUE AND JURISDICTION

7.    Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a).
      Furthermore, this Court has jurisdiction in that the damages being sought are within the
      jurisdictional limits of this Court.

## FACTS

8.   This lawsuit is based on a motor vehicular collision occurring on or about February 10, 2016, at or near the 38900 block of Interstate Highway 20 near the Interstate Highway 35 E. intersection Dallas, Texas (hereinafter referred to as "The Collision").

9.   The Collision was proximately caused by the negligence and/or negligence *per se* of the Defendants.

## CAUSES OF ACTION

### Doctrine of Respondeat Superior/Vicarious Liability of Defendants

10.  At the time of the collision, Defendant Michael John Stevens , the driver of the Defendant Knight Transportation truck, was an employee of Defendant Knight Transportation. Defendant Stevens was acting within the course and scope of such employment at the time of the occurrence and at all relevant times prior thereto.  As such, Defendant Knight Transportation is legally responsible for its driver's negligence and negligence *per se* under the doctrine of respondeat superior / vicarious liability.

### Negligence and Negligence *Per Se*

11.  At the time of The Collision, Defendants were negligent and / or negligent *per se* in one or more of the following particulars:

a.   In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.   In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

c.   In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.   In failing to yield the right-of-way;

e.   In failing to maintain his vehicle under control;

f.   In driving while under the influence of alcohol;

g.   In following too closely;

h.   In disregarding traffic signals;

i.   In failing to take proper evasive action;

     j.      In violating Texas Transportation Code Section 545.103 (safely turning) and 545.104 (signaling turns; use of turn signal); and

     k.      In operating a vehicle in violation of FMCSR Parts 390, 392 and 571.

12.    Knight Transportation, Inc. was negligent in hiring Defendant Michael John Stevens as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so. Such negligence, singularity or in combination with others, proximately caused The Collision.

13.    Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligent *per se*, which proximately caused The Collision and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

14.    As a result of Defendant's negligent actions, Chanita Hooks suffered personal injuries. Consequently, Chanita Hooks seeks recovery of the following damages:

     a.      Medical Expenses: Chanita Hooks incurred bodily injuries which were caused by The Collision and Chanita Hooks incurred medical expenses for treatment of such injuries. Chanita Hooks believes that, in reasonable medical probability such injuries will require the need for future medical care.

     b.      Lost Wages: Chanita Hooks lost wages as a result of the personal injuries sustained in The Collision. Chanita Hooks reasonably believe that such injuries will diminish Chanita Hooks's earning capacity in the future.

     c.      Physical Pain: Chanita Hooks endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipate such pain will continue in the future.

     d.      Mental Anguish: Chanita Hooks endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipate such mental anguish will continue in the future.

     e.      Disfigurement: Chanita Hooks endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipate such will continue in the future.

    f.    <u>Impairment</u>: Chanita Hooks endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipate such in the future.

## AGGRAVATION

15.    In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## PROPERTY DAMAGE

16.    As a proximate result of the above-detailed conduct on the part of the Defendants, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, in which the Defendants are hereby sued and recovery is sought.

## U.S. LIFE TABLES

17.    Notice is hereby given to the Defendants that Plaintiff intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statics Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

18.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that she seeks monetary relief in excess of $100,000. As discovery takes place and testimony is given, Plaintiff will be in a

better position to give the maximum amount of damages sought.

19.     Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to

use any of the documents exchanged and/or produced between any party during the trial of

this case.  All conditions precedent to Plaintiff's right to recover the relief sought herein have

occurred or have been performed. Plaintiff requests that Defendants be cited to appear and

answer, and that this case be tried after which Plaintiff recover:

a.      Judgment against Defendants for a sum within the jurisdictional limits of this Court
        for the damages set forth herein;
b.      Pre-judgment interest at the maximum amount allowed by law;
c.      Post-judgment interest at the maximum rate allowed by law;
d.      Costs of suit; and
e.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

REYES | BROWNE | REILLEY


 /s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
Email:  spencer@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| CHANITA HOOKS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| KNIGHT TRANSPORTATION AND | § | |
| MICHAEL JOHN STEVENS | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF WRITTEN
## DISCOVERY TO DEFENDANT MICHAEL JOHN STEVENS

To:   Michael John Stevens

Plaintiff is now propounding on Defendant Michael John Stevens, incorporated in this

document: First Set of Interrogatories, Request for Production and Request for Admissions.

Respectfully submitted,

REYES | BROWNE | REILLEY

 /s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
Email:  spencer@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This will certify that this set of discovery is being served upon Defendant simultaneous with
the citation directed to Defendant and Plaintiff's Original Petition.

 /s/ Spencer P. Browne
Spencer P. Browne

## **DEFINITIONS**

1.    "The Collision" refers to the motor vehicle collision made the basis of this lawsuit.

2.    "The Vehicle" refers to the motor vehicle you were driving at the time of The Collision.

3.    "Document" refers to and includes every writing or record of any type that is in your possession, custody, or control. A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, correspondence, memoranda, interoffice communications, hand written notes, e-mails, business records, computer notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT MICHAEL JOHN STEVENS

Plaintiff serves the following written interrogatories on Defendant Michael John Stevens,

which are to be answered in accordance with The Texas Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full name (and all aliases or variations used in the spelling of your name), date and place of birth, present address, driver's license number and the state issuing same, and your citizenship or immigration status.

**ANSWER:**

**INTERROGATORY NO. 2:** State the name, address and telephone number of the owner of The Vehicle.

**ANSWER:**

**INTERROGATORY NO. 3:** If you were not the owner of The Vehicle, who gave you permission to use The Vehicle at the time of The Collision?

**ANSWER:**

**INTERROGATORY NO. 4:** Were you the driver of an automobile or truck that was involved in The Collision? If no, please state the name, address and phone number of the person who was.

**ANSWER:**

**INTERROGATORY NO. 5:** If you contend that the negligence of any person or entity other than yourself, caused or contributed to causing The Collision, please identify each such person or entity by name, address and phone number and state the factual basis for any such contention(s).

**ANSWER:**

**INTERROGATORY NO. 6:** If you were employed at the time of The Collision, please identify your employer (name and address) and state whether or not you were working for your employer at the time of The Collision.

**ANSWER:**

**INTERROGATORY NO. 7:** State where you had been just prior to The Collision, where you were going at the time of The Collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 8:** If you have ever been arrested for or convicted of a crime within the last ten years, list all such arrests or convictions and what they were for, and give the dates and places where they occurred.

**ANSWER:**

**INTERROGATORY NO. 9:** Please describe how you contend The Collision occurred.

**ANSWER:**

**INTERROGATORY NO. 10:** List the type and amount of intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding The Collision.

**ANSWER:**

**INTERROGATORY NO. 11:** Describe the damage done to The Vehicle in The Collision and set forth the cost of repair of such damage.

**ANSWER:**

**INTERROGATORY NO. 12:** Please list every person you spoke to at the scene of The Collision, including a brief description of what was said.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe in detail any conversations you have ever had with Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 14:** Describe any information you have indicating that there was any defect or failure on the part of any vehicle or equipment involved in The Collision.

**ANSWER:**

**INTERROGATORY NO. 15:** Describe any traffic citation you received as a result of The Collision by stating the citation number, name and location of the court involved, the violations of the law charged in that citation, and the date, place, and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**ANSWER:**

**INTERROGATORY NO. 16:** Pursuant to Rule 609 of the Texas Rules of Evidence, if you intend to seek to admit into evidence or bring to the attention of the jury any convictions of Plaintiff or any person listed as having knowledge of relevant facts by any party hereto, please provide the cause number, county and state of conviction, the date of conviction, and the type of crime.

**ANSWER:**

**INTERROGATORY NO. 17:**  If you contend that Plaintiff was negligent in connection with The Collision, please state the factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 18:**  Please identify any medical treatment that you are aware of that Plaintiff has received since the date of The Collision that you contend was unnecessary.

**ANSWER:**

**INTERROGATORY NO. 19:**  Please identify any medical treatment that you are aware of that Plaintiff has received since the date of The Collision that you contend was not caused by The Collision.

**ANSWER:**

**INTERROGATORY NO. 20:**  Please identify any medical treatment that you are aware of that Plaintiff has received since the date of The Collision that you contend was unreasonable in the amount that was charged for such treatment.

**ANSWER:**

**INTERROGATORY NO. 21:**  Do you contend that Plaintiff has exaggerated or falsified any injury, symptom or complaint since the time of The Collision?  If so, please describe such injury, symptom or complaint and state the factual basis for your contention it was exaggerated or falsified.

**ANSWER:**

**INTERROGATORY NO. 22:**  Do you have a prescription for corrective lenses?  If yes, state the name, address and telephone of the person who provided the prescription and state the date or approximate date it was last updated.

**ANSWER:**

**INTERROGATORY NO. 23:**  If you contend that The Collision was an unavoidable accident or was due to a sudden emergency, please state the factual basis for such contention(s).

**ANSWER:**

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION TO DEFENDANT MICHAEL JOHN STEVENS

Plaintiff serves the following Request for Production on Defendant Michael John Stevens

which are to be answered in accordance with The Texas Rules of Civil Procedure.

### REQUESTS FOR PRODUCTION

Please produce the following documents and/or tangible items:

**REQUEST NO. 1:**  A photocopy of both the front and back of your current driver's license.

**RESPONSE:**

**REQUEST NO. 2:**  A copy of the title to The Vehicle.

**RESPONSE:**

**REQUEST NO. 3:** Color copies of any and all photographs, video tapes, drawings, sketches and maps of:

       (a)     the vehicles involved in The Collision;
       (b)     the Plaintiff(s) or Defendant(s) either before or after The Collision; and
       (c)     the scene of The Collision.

**RESPONSE:**

**REQUEST NO. 4:**  All documents regarding the last state vehicle inspection done on The Vehicle prior to The Collision.  Such documents include receipts and/or reports.

**RESPONSE:**

**REQUEST NO. 5:** All documents regarding maintenance or repair work done on The Vehicle within the six months prior to The Collision.  Such documents include receipts, work orders, recall notices, etc.

**RESPONSE:**

**REQUEST NO. 6:**  A copy of any damage appraisal or invoice related to The Vehicle.

**RESPONSE:**

**REQUEST NO. 7:** Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you or the automobile being

driven by you at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 8:** Any reservation of rights letter or other document sent to you by any insurer regarding insurance coverage for The Collision.

**RESPONSE:**

**REQUEST NO. 9:** Copies of any written statements or transcripts of oral statements made by Plaintiff concerning the subject matter of this lawsuit. If recordings were made of such oral statements and no transcript is available, please produce a copy of the recordings.

**RESPONSE:**

**REQUEST NO. 10:** A copy of any contract of employment with your employer at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 11:** A copy of any surveillance movies, video tapes, photos, etc. of Plaintiff.

**RESPONSE:**

**REQUEST NO. 12:** All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertain, in any way, to The Collision.

**RESPONSE:**

**REQUEST NO. 13:** Copies of all public records and/or reports, pursuant to Tex.R.Evid. 803(8) and/or Rule 902(4) and/or Rule 1005, which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 14:** Copies of all market reports or commercial publications, pursuant to Tex.R.Evid. 803(17), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 15:** Copies of relevant portions of all learned treatises, pursuant to Tex.R.Evid. 803(18), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 16:** Copies of all official publications, pursuant to Tex.R.Evid. 902(5), which you

intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 17:** Copies of all newspapers and periodicals, pursuant to Tex.R.Evid. 902(6), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 18:** Copies of all summaries, pursuant to Tex.R.Evid. 1006, which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 19:** Copies of any records regarding any conviction of Plaintiff(s) for a crime.

**RESPONSE:**

**REQUEST NO. 20:** Copies of all medical records or bills you, your attorneys, or your insurers have regarding any medical treatment received by Plaintiff.

**RESPONSE:**

**REQUEST NO. 21:** Copies of any portions of articles, treatises, periodicals, books, pamphlets or studies which may be relied upon by an expert witness who may be called by you to testify during the trial of this case.

**RESPONSE:**

**REQUEST NO. 22:** Copies of any records or documents relating to Plaintiff's employment with any individual or entity in the last five years.

**RESPONSE:**

**REQUEST NO. 23:** Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of oral depositions taken by you in this case.

**RESPONSE:**

**REQUEST NO. 24:** Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of depositions upon written questions taken by you in this case, including any documents attached thereto.

**RESPONSE:**

**REQUEST NO. 25:** Copies of all documents obtained by you with the use of authorizations signed by Plaintiff.

**RESPONSE:**

**REQUEST NO. 26:** For any consulting expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

**RESPONSE:**

**REQUEST NO. 27:** Copies of any correspondence between you (or your attorneys or your insurer) and any witness to The Collision.

**RESPONSE:**

**REQUEST NO. 28:** Copies of any ISO, SWIB, or any and all other database responses you our your insurance company or your counsel has used to conduct a claims history search about any Plaintiff; Defendant, the owner of Defendant's vehicle, the vehicle Defendant was traveling in, and any other passengers in the Defendant's vehicle.

**RESPONSE:**

**REQUEST NO. 29:** Copies of any LexisNexis Choice Point, E-Speed Case Summary Review, or similar reports for carrier identification, case management, claims analytics, claims prefill, claims software, courthouse searches, identity matching, incident reports, motor vehicle records, on demand due diligence, public information searches, skip tracing, vehicle owner verification, visualization and geospatial analysis, and watch list compliance obtained by you or your insurance company or your counsel relating to the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 30:** Copies of any "Decision Point Medical Expert" or similar medical claim audit reports obtained by you or your insurance company or your counsel regarding any Plaintiff to this lawsuit.

**RESPONSE:**

**REQUEST NO. 31:** Produce all documents which reflect:

    (a)     The name, address, and telephone number of the provider of the provider of the phone services for each mobile phone used by Defendant on the date of the incident;

    (b)     The telephone number on the date of the incident for each of Defendant's mobile phones used in the vehicle at the time of the incident;

    (c)     The account number for said phones on the date of the incident;

(d)     The full name, address, and telephone number of the person in whose name said phones were listed on the date of the incident;

(e)     The full name, address, and telephone number of the person in whose name the phone service account was listed on the date of the incident; and

(f)     A copy of the bill for the date of the incident for the mobile phone used by Defendant.

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS TO DEFENDANT MICHAEL JOHN STEVENS

Plaintiff serves the following Request for Admissions on Defendant Michael John Stevens

which are to be answered in accordance with The Texas Rules of Civil Procedure

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Admit that on the date of The Collision, you were involved in a motor-vehicle collision with a vehicle driven or occupied by Plaintiff.

**RESPONSE:**

**REQUEST NO. 2:** Admit that on the date of The Collision you were the driver of a vehicle which was involved in The Collision.

**RESPONSE:**

**REQUEST NO. 3:** Admit that at the time of The Collision, you owned the vehicle you were driving.

**RESPONSE:**

**REQUEST NO. 4:** Admit that no act or omission of anyone other than yourself caused or contributed to The Collision.

**RESPONSE:**

**REQUEST NO. 5:** Admit that no act of God caused or contributed to The Collision.

**RESPONSE:**

**REQUEST NO. 6:** Admit that no act or omission of any third party (not already a party to this lawsuit) caused or contributed to The Collision.

**RESPONSE:**

**REQUEST NO. 7:** Admit that The Vehicle was operating properly at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 8:** Admit that The Collision was caused by your negligence.

**RESPONSE:**

**REQUEST NO. 9:** Admit that you were in the course and scope of your employment for your employer at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 10:** If you were not the owner of The Vehicle you were driving at the time of The Collision, admit that you had permission from the owner to be driving it.

**RESPONSE:**

CAUSE NO. _____

| | | |
|---|---|---|
| CHANITA HOOKS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND MICHAEL JOHN STEVENS | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF WRITTEN
## DISCOVERY TO DEFENDANT KNIGHT TRANSPORTATION, INC.

To:    Knight Transportation, Inc.

Plaintiff ise now propounding on Defendant Knight Transportation, Inc. incorporated in this

document: First Set of Interrogatories, Request for Production and Request for Admissions.

Respectfully submitted,

REYES | BROWNE | REILLEY

/s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This will certify that this set of discovery is being served upon Defendant simultaneous with
the citation directed to Defendant and Plaintiff's Original Petition.

/s/ Spencer P. Browne
Spencer P. Browne

## **DEFINITIONS**

1.    The Collision" means the motor vehicle collision made the basis of this lawsuit.

2.    "The Vehicle," refers to the vehicle being driven by Michael John Stevens at the time of The Collision.

3.    "Document" refers to and includes every writing or record of any type that is in your possession, custody, or control.  A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, correspondence, memoranda, interoffice communications, hand written notes, e-mails, business records, computer notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy.  To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT KNIGHT TRANSPORTATION, INC.

To:     Knight Transportation, Inc.

Plaintiff serves the following written interrogatories on Defendant Knight Transportation, Inc., pursuant to the Texas Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please state the full name (and all aliases or variations used in the spelling of your name), date and place of birth, present address, social security number, driver's license number and the state issuing same of the person answering this set of interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**  Please state whether on February 10, 2016, Michael John Stevens was an employee or agent of Knight Transportation, Inc. and acting within the course and scope of his employment at the time of the collision and whether or not he had permission to drive the vehicle.  If he had permission, please state who gave him that permission.

**ANSWER:**

**INTERROGATORY NO. 3:**  Identify by providing the name, address and telephone number of the owner(s) of the vehicle involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 4:**  Identify by providing the name, address and telephone number of the person who was driving the vehicle at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please state in detail your understanding and contentions of how the collision occurred, and the name, address, phone number, job title, and job description of all persons, excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 6:**  State the factual basis for any contention by you that the collision was caused by any act of God, sudden emergency, or unavoidable accident.

**ANSWER:**

**INTERROGATORY NO. 7:**  Describe the damage done to the vehicle in the collision and give the

cost of repair to the vehicle.

**ANSWER:**

**INTERROGATORY NO. 8:**  Describe any information you have indicating that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 9:**  If you contend that the Plaintiff driver was negligent in connection with the collision, please state all facts on which you base said contention.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please provide the points of origin and destination of Michael John Stevens on the route he was driving when this collision occurred, the time he began work and ceased work the day before and the day of this accident, and the number of miles he traveled the day before this accident and the day of this incident.  Please add where Michael John Stevens had been just prior to the collision, where Michael John Stevens was going at the time of the collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please list every person you or anyone on your behalf spoke to at the scene of the collision, including a brief description of what was said.

**ANSWER:**

**INTERROGATORY NO. 12:**  Describe in detail any conversations you or anyone on your behalf have had with the Plaintiff at the scene of the collision or thereafter.

**ANSWER:**

**INTERROGATORY NO. 13:**  Pursuant to Rule 609 of the Texas Rules of Evidence, if you intend to seek to admit into evidence any convictions of Plaintiff or any person listed as having knowledge of relevant facts by any party with evidence of a criminal conviction, please provide the cause number, county and state of conviction, the date of conviction, and the type of crime.

**ANSWER:**

**INTERROGATORY NO. 14:**  Please describe all of the things you did to determine Michael John Stevens's driving record before allowing him to drive the vehicle.  In this answer, please detail all actions taken by your company in investigating the background of Michael John Stevens prior to hiring and/or retaining his services.  Include the name, address, and phone number of any/all references and former/previous employers contacted.
**ANSWER:**

**INTERROGATORY NO. 15:** Please describe all of things you did to determine Michael John Stevens's ability and/or aptitude to safely drive a motor vehicle before allowing Michael John Stevens to drive the vehicle.

**ANSWER:**

**INTERROGATORY NO. 16:** Were you aware at the time of The Collision of any prior traffic tickets or accidents on the part of Michael John Stevens? If yes, please describe the knowledge you had.

**ANSWER:**

**INTERROGATORY NO. 17:** Are you a participant in the PSP, and if so,

  (a) were you a participant in the PSP at the time Michael John Stevens was hired?
  (b) did you run a PSP check on Michael John Stevens?
  (c) what did each PSP check on Michael John Stevens reveal?

**ANSWER:**

**INTERROGATORY NO. 18:** In the three years before the wreck, were you found deficient in any BASIC by the FMCSA? If so, state the date of each deficiency finding and list by each date all BASIC categories in which you were found deficient.

**ANSWER:**

**INTERROGATORY NO. 19:** Please describe the average number of hours Michael John Stevens would drive in an average week for the four (4) weeks prior to this accident.

**ANSWER:**

**INTERROGATORY NO. 20:** Please list all complaints, reprimands, or any other disciplinary action(s), formal or informal, you know of regarding Michael John Stevens through the current date.

**ANSWER:**

**INTERROGATORY NO. 21:** Do you require drivers you employ to carry cameras, accident kits, exoneration cards, or other similar materials in their vehicles in the event of an accident? If so, please specifically describe and inventory the contents of such kits and/or items.

**ANSWER:**

**INTERROGATORY NO. 22:** Please describe any and all training or education in driving trucks provided to Michael John Stevens, whether by your company or any other person or entity. Please provide the dates of such training or education, enumerate the certifications received by Michael John Stevens, and indicate whether Michael John Stevens required more than one attempt to pass

any testing associated with such training.  If not, please detail all education and training you are aware Michael John Stevens received from any other facility or company.

**ANSWER:**

**INTERROGATORY NO. 23:** Please describe all repairs that had been performed on the vehicle Michael John Stevens was driving in the year prior to this collision, including the name of all facilities that had inspected and/or worked on the vehicle at issue in this case.

**ANSWER:**

**INTERROGATORY NO. 24:** Was the vehicle in this case equipped with any collision warning systems (CWS), including but not limited to Eaton VORAD or similar systems?  If not, why not? Has your company ever considered utilizing such systems and have you performed any cost/benefit analysis regarding such systems?

**ANSWER:**

**INTERROGATORY NO. 25:** Please provide the date and circumstances surrounding all vehicular accidents Michael John Stevens has been involved in while employed by you or driving on your behalf, as well as all vehicular accidents you have knowledge of prior to his involvement with your company.

**ANSWER:**

## PLAINTIFF'S REQUEST FOR
## PRODUCTION TO DEFENDANT KNIGHT TRANSPORTATION, INC.

To:     Knight Transportation, Inc.

Plaintiff serves the following Request for Production on Defendant Knight Transportation,

Inc. which are to be answered in accordance with The Texas Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

Please produce the following documents and/or tangible items:

1.      A photocopy of both the front and back of Michael John Stevens's license.

RESPONSE:

2.      Color copies of any and all photographs, video tapes, drawings, sketches and maps of:

        a)      the vehicle involved in the collision;
        b)      the Plaintiff or Defendants before or after the collision; and
        c)      the scene of the collision.

RESPONSE:

3.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you or the automobile being driven by you at the time of the collision.

RESPONSE:

4.      A copy of any contract of employment with Michael John Stevens at the time of The Incident.

RESPONSE:

5.      A copy of any surveillance movies, video tapes, photos, etc. of Plaintiff.

RESPONSE:

6.      All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertain, in any way, to the collision.

RESPONSE:

7.      Copies of all public records and/or reports, pursuant to Tex.R.Evid. 803(8) and/or Rule 902(4) and/or Rule 1005, which you intend to use, for any purpose, during the trial of this lawsuit.

RESPONSE:

8.      Copies of all market reports or commercial publications, pursuant to Tex.R.Evid. 803(17), which you intend to use, for any purpose, during the trial of this lawsuit.

RESPONSE:

9.      Copies of relevant portions of all learned treatises, pursuant to Tex.R.Evid. 803(18), which you intend to use, for any purpose, during the trial of this lawsuit.

RESPONSE:

10.     Copies of all official publications, pursuant to Tex.R.Evid. 902(5), which you intend to use, for any purpose, during the trial of this lawsuit.

RESPONSE:

11.     Copies of all newspapers and periodicals, pursuant to Tex.R.Evid. 902(6), which you intend to use, for any purpose, during the trial of this lawsuit.

RESPONSE:

12.     Copies of all summaries, pursuant to Tex.R.Evid. 1006, which you intend to use, for any purpose, during the trial of this lawsuit.

RESPONSE:

13.     Copies of all medical records or bills you, your attorneys, or your insurers have regarding any medical treatment received by Plaintiff.

RESPONSE:

14.     Copies of any portions of articles, treatises, periodicals, books, pamphlets or studies which may be relied upon by an expert witness who may be called by you to testify during the trial of this case.

RESPONSE:

15.     Copies of any records or documents relating to Plaintiff's employment with any individual or entity in the last five years.

RESPONSE:

16.     Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of oral

depositions taken by you in this case.

RESPONSE:

17.   Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of depositions upon written questions taken by you in their case, including any documents attached thereto.

RESPONSE:

18.   Copies of all documents obtained by you with the use of authorizations signed by Plaintiff.

RESPONSE:

19.   For any consulting expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

RESPONSE:

20.   Copies of any correspondence between you (or your attorneys, insurer or other representative) and any witness to The Collision.

RESPONSE:

21.   The complete driver's qualification and personnel file for Michael John Stevens, including but not limited to:

(a)   Michael John Stevens's application for employment with you, to include the required twelve items of information (FMSCR §391.21);

(b)   All responses of State agencies to motor carrier's inquiries concerning prior driving record (FMCSR §391.23);

(c)   Any and all responses of Michael John Stevens's previous employers in response to your inquiries concerning Michael John Stevens's past employment (FMCSR §391.23);

(d)   Any and all annual reviews of Michael John Stevens's driving record, as required by (FMCSR §391.25);

(e)   Any and all lists of Michael John Stevens's violations of motor vehicle traffic laws and ordinances (FMCSR §391.27);

(f)   Michael John Stevens's road test certification (or equivalent) (FMCSR §391.31);

(g)   Michael John Stevens's written examination (FMCSR §391.35);

(h)   Michael John Stevens's physical examination (long form) (FMCSR §§391.41 & 391.43);

(i)   All physical examinations Michael John Stevens has undergone during the past five (5) years;

(j)   All available documents relating to controlled substance and alcohol testing of

Michael John Stevens, to include pre-employment, random and post-accident testing;

(k)     All medical records of Michael John Stevens (including, but not limited to those responsive to sub-parts h-j, above); and

(l)     Michael John Stevens's payroll file, including his pay records, his financial settlement documents, and a detailed explanation of sources of income and operational deductions.

NOTE: See Federal Motor Carrier Safety Regulations (FMCSR) §391.51.

RESPONSE:

22.     All investigative reports assembled or created by outside agencies that you had checking on Michael John Stevens's background prior to hiring him.

RESPONSE:

23.     Any and all regulatory summaries and or warning notices for Michael John Stevens from his date of employment to the date of the incident.

RESPONSE:

24.     Michael John Stevens's record of truck or bus driving training, including curriculum covering safe operating practices, including but not limited to, visual search, speed management, space management, night operations, hazard perception, and emergency maneuvers, as required by FMCSR §381.51.

RESPONSE:

25.     All documentation relating to Michael John Stevens's ability to drive a motor vehicle safely, including but not limited to, letters/memos of warning, records of disciplinary actions, safety awards, commendations, records, etc. taken, issued, created or maintained by you or within your knowledge, as required by FMCSR §391.51(b)(5).

RESPONSE:

26.     All tests, test results, evaluations, certifications, or other materials of, concerning or reflecting Michael John Stevens obtaining and/or maintaining qualification or certification for any driver's license or any employment-related license, honor, association, or society.

RESPONSE:

27.     If not otherwise produced herein, any materials or documents provided to Michael John Stevens by you regarding any training, testing, certification, evaluation, reprimands, corrective action, background checks, termination, or reports concerning him during his employment with or for you or during the period of time he was being considered for employment.

RESPONSE:

28.     If not otherwise produced herein, any materials or documents provided to you by Michael John Stevens regarding any training, testing, certification, evaluation, reprimands, corrective action, background checks, termination, or reports concerning him during his employment with or for you or during the period of time he was being considered for employment.

        RESPONSE:

29.     Michael John Stevens's record of duty status, company log, or outside duty audit for the date in question, and the six (6) months prior to the date in question (a/k/a, "driver's log"), as required by (FMCSR §395.8).

        RESPONSE:

30.     All driver's 70-hour summaries created by Michael John Stevens for the six (6) months prior to the date in question, in accordance with FMCSR Part 395.

        RESPONSE:

31.     Michael John Stevens's time records or time cards for the date in question, and the six (6) months prior to the date in question, as required by FMCSR §395.8.

        RESPONSE:

32.     All documents concerning the tachograph on the vehicle involved in the incident in question for the date in question and the eight (8) days preceding the date in question.

        RESPONSE:

33.     If an automatic on-board recording device is used to record hours of service for the date in question and the six (6) months prior to the date in question, Michael John Stevens's hours of service chart electronic display or printout showing the time and sequence of duty status changes, including Michael John Stevens's starting time at the beginning of each day.

        RESPONSE:

34.     If a satellite reporting system is used, all vehicle locations for the vehicle in question and Michael John Stevens for the date in question and the six (6) months prior to the date in question.

        RESPONSE:

35.     If a satellite communication system is used, all vehicle message history with location information for the vehicle in question and Michael John Stevens for the date in question and the six (6) months prior to the date in question.

        RESPONSE:

36.     A complete and clearly readable copy of any and all created "vehicle movement recording

documents or records" (such as any tractor trip computer-generated documents, computer-generated trip printouts or any other documents generated by whatever means), in reference to the physical movement of the vehicle in question for the date in question and the six (6) months prior to the date in question. This also includes all printed data, as described herein, generated by use of any satellite devices.

RESPONSE:

37.    If an Electronic Control Module (ECM) or Event Data Recorder (EDR) is used on the engine of the vehicle in question, all electronic engine information available / extracted / retrieved or stored in any electronic, mechanical or paper form from the date of the vehicle's acquisition by or for you until the present.

RESPONSE:

38.    If an ECM or EDR is used on the engine of the vehicle in question, all electronic engine information available / extracted / retrieved or stored in any electronic, mechanical or paper form that relates to the vehicle and its constituent parts in the moments prior to the incident in question.

RESPONSE:

39.    Any and all dispatch records, including but not limited to dispatcher('s) logs or instruction sheets by which Michael John Stevens was instructed as to what his next work assignment would be and any particular instruction given by the dispatcher(s) to Michael John Stevens, for the date in question and for the six (6) months prior to the date in question.
NOTE: Please identify the dispatcher(s) whom Michael John Stevens was to call and provide her/her/their name(s) and address(es).

RESPONSE:

40.    Produce a copy of the electronic on-board recorder's log trail for Michael John Stevens's logs, showing the date of each entry in the recorder and the date of each change to the entry, for all logs produced for Michael John Stevens.

RESPONSE:

41.    Produce a copy of all documents and data of any kind that you ever received through the PSP regarding Michael John Stevens.

RESPONSE:

42.    Any and all agreements or other written documents, letters, directives, memoranda, and notes in the possession of Michael John Stevens, including those in the possession of any employee or agent, your parent company, sister subsidiaries or insurers dealing with the property damage to the vehicle and the trailer driven by Michael John Stevens.

RESPONSE:

43.     Produce a copy of all communications of any kind related to any FMCSA intervention in the three years before the wreck through one year after.

RESPONSE:

44.     If not otherwise produced herein, all documents concerning the load the trailer was carrying on the date of the accident.

RESPONSE:

45.     Copies of all company trip reports required of Michael John Stevens for the date in question and the six (6) months prior to the date in question.

RESPONSE:

46.     Copies of receipts, invoices or other documents relating to vehicle fuel purchased or secured by Michael John Stevens for vehicles he was driving as a person driving for you for the date in question and the six (6) months prior to the date in question. This request includes, but is not limited to, any and all records completed by Michael John Stevens which indicate the routes taken, mileage driven, and times and dates for fuel tax purposes.

RESPONSE:

47.     Copies of all road and bridge toll receipts, scale/weight tickets, trailer wash-out receipts, motel receipts, vehicle repair invoices, and any other documents pertaining to purchases made by Michael John Stevens while driving any bus or truck (including, but not limited to the vehicle in question) for the date in question and the six (6) months prior to the date in question.

RESPONSE:

48.     The motor carrier's documentation of bus or truck stop transactions made by Michael John Stevens, to include monetary advances to Michael John Stevens through such systems for the date in question and the six (6) months prior to the date in question.

RESPONSE:

49.     Written instructions from you to Michael John Stevens permitting him to log meal stops and other routine stops as "off duty" time.

RESPONSE:

50.     Please produce any and all documents regarding the results of any blood, breath, urine or other testing performed upon Michael John Stevens following the incident made the basis of this suit.

RESPONSE:

51.    Any records or documentation (medical or non-medical) which would indicate that Michael John Stevens was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal) within twenty-four (24) hours prior to the collision.

RESPONSE:

52.    Any records or documentation (medical or non-medical) which would indicate that Michael John Stevens had alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in or on her breath, bloodstream, urine, hair, fingernails, etc. at the time of or immediately following the collision.

RESPONSE:

53.    Any and all audio recordings, photographs, films, videotapes, movies, electronic images/media, diagrams, drawings, maps, or sketches containing any photographic, videographic or other pictoral or graphic information of, concerning or relating to:

        (a)    The vehicle in question at any time;
        (b)    the accident scene at any time;
        (c)    The Plaintiff at any time;
        (d)    Other persons involved in the incident, or who have knowledge of relevant facts;
        (e)    The incident made the basis of this suit;
        (f)    Any reconstruction of the incident made the basis of this suit;
        (g)    A demonstration of engineering dynamic principles relevant to this suit;
        (h)    Any other matters relevant to this lawsuit (i.e., that otherwise depict facts underlying the cause now pending).

NOTE: Materials responsive hereto would include, but not be limited to, images of or concerning the scene, vehicles or persons involved in the collision made the basis of this lawsuit, as well as any "surveillance" videos, photos, etc. of or concerning any party or witness.

NOTE:  Pursuant to Tex. R. Civ. P. 192.5(c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery: ". . . (4) any photograph or electronic image of underlying facts (e.g., a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence. . . ." Moreover, pursuant to Tex. R. Civ. P. 192.3(j), ". . . any party may obtain discovery of any other party's legal contentions and the factual bases for those contentions."
RESPONSE:

54.    Any documents containing and/or reflecting the factual observations, tests, data, calculations, photographs, videotapes, computerized and/or electronic recordings, and/or opinions arising out of any examination conducted by person(s) or entit(ies) employed by you and/or on your behalf, eithis directly or indirectly, who has/have seen, examined and/or photographed the vehicle(s), scene(s) or person(s) in question since the time of the incident in question.

RESPONSE:

55.     Any written or recorded statements by Michael John Stevens, you or any of your employees, agents, servants or representatives, to your insurer(s) or such representatives, claims adjusters or investigators as have be retained or designated by your insurers in connection with the incident, vehicles and/or persons in question, prior to the institution of litigation.

RESPONSE:

56.     Any and all statements previously made by Plaintiff, Plaintiff's agents or representatives, concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff, Plaintiff's agents or representatives and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff, Plaintiff's agents or representatives and contemporaneously recorded.

RESPONSE:

NOTE: If you have no such statement, please so state in your answers to this discovery.

RESPONSE:

57.     If you have not already done so in response to a Request for Disclosures propounded by this Plaintiff, please produce a true and correct copy of any statements which you have from any person having knowledge of facts which may be relevant to this lawsuit.

NOTE: If you claim that any statement in your possession is privileged or in some manner exempt from discovery, state the date on which it was taken, from whom it was taken, by whom it was taken, and the basis of your claim that it is privileged or exempt from discovery.

RESPONSE:

58.     Further to your disclosures made in response to Tex. R. Civ. P. 194.2(i) ("witness statements"):

        (a)     if you have disclosed and produced a "transcript" of a statement recorded by audiotape, videotape or other electronic means, please produce a copy of the original recording(s); and,

        (b)     if you have disclosed and produced the original recording(s) of a statement that has been recorded by audiotape, videotape or other electronic means, please produce a copy of any transcript of same as and when created or obtained.

RESPONSE:

59.     All documents or tangible things regarding any and all training programs conducted by you to promote driver safety and compliance with Federal Motor Carrier Safety Regulations, including but not limited to all safety manuals.

RESPONSE:

60.    All written materials, company manuals, company issued rules and regulations, directives or notices in effect at the time of the incident in question, utilized by you controlling your operators' work activities, job performance, and delivery of cargo, inclusive of any educational materials in reference to federal motor carrier safety regulations given to Michael John Stevens by you.

RESPONSE:

61.    Any and all of your directives, bulletins, or written instruments pertaining to day-to-day operating procedures to be followed by Michael John Stevens and operators of your tractors/trailers, including but not limited to any documents relating to the discipline policies or procedures.

RESPONSE:

62.    Your program for the establishment and administration of an employee assistance program for the education and training of drivers and supervisory personnel in the area of controlled substances.

RESPONSE:

63.    Any documents which constitute any official company policy or procedure for determining when and under what circumstances or conditions a one of your driver's would be disciplined and/or fired for failing to comply with the Federal Motor Carrier Safety Regulations.

RESPONSE:

64.    If not otherwise produced herein, all your manuals and written policies and procedures for all drivers and all mechanics.

RESPONSE:

65.    Any and all traffic citations, FMCSR terminal or road equipment and driver compliance inspections, warnings or citations issued to you by any city, county, state, or federal agency or law enforcement official in your possession for the date in question and the six (6) months prior to the date in question.

RESPONSE:

66.    Please produce true and correct copies of all documents regarding:

(a)    Citations issued against any person driving for you for the date in question and the three (3) years prior to the date in question, and for violations of Federal Motor Carrier Safety Regulations, state driving laws, and/or local driving ordinances, including but not limited to, all such citations;

(b)   Accident reports phoned into your company regarding all accidents involving persons driving for you and occurring on the date in question and for the five (5) years prior to the date in question;

(c)   Accident reports written by persons driving for you and occurring on the date in question and for the five (5) years prior to the date in question;

(d)   Records of payments of fines, and internal documents showing any response by you to the issuance of all citations, referred to subsection "(a)" of this Request for Production.

RESPONSE:

67.   All documents or tangible things reflecting any disciplinary action ever taken by you against a person driving for you as a result of that driver's failure and/or refusal to comply with Federal Motor Carrier Safety Regulations, state driving laws and/or driving ordinances.

RESPONSE:

68.   Copies of all road inspections for Michael John Stevens conducted by agents of the Federal Highway Administration for 2013 and the three (3) years prior to the incident in question (Form MCS-63). FMCSR §§395.13 & 396.9.

RESPONSE:

69.   Copies of all driver-equipment compliance checks for the vehicle in question conducted by agents of the Federal Highway Administration for 2013 and the three (3) years prior to the incident in question (Form MCS-63).

RESPONSE:

70.   Copies of all road inspection reports for Michael John Stevens and the vehicle in question conducted by state or municipal law enforcement agencies for 2013 and the three (3) years prior to the incident in question. FMCSR §390.30.

RESPONSE:

71.   Any and all of driver in question's daily written vehicle inspection reports completed during the time period in which he was a person driving for you, including but not limited to, completion of day work or reports, and your certifications that any defect or deficiencies had been corrected, as required by FMCSR §396.11.

RESPONSE:

72.   Any and all pre and post-trip reports required of Michael John Stevens for the date in question, and for the 6 weeks prior to this collision.

RESPONSE:

73.     All Periodic, Annual or Semi-Annual Inspections done by or for you, and copies of all A, B and C inspections done by or for you on the vehicle in question.

RESPONSE:

NOTE: Please attached actual reprints and not computer printouts or photocopies.

74.     If not otherwise produced herein, any and all records produced or received pursuant to inspections by State or Federal officials regarding Michael John Stevens or the vehicle/trailer involved in the incident made the basis of this lawsuit. This is to include "Driver/Vehicle Inspection Reports" and/or "Out of Service" reports produced under the Motor Carrier Safety Assistance Program (MCSAP) or any related inspection program.

RESPONSE:

75.     All evidence of Michael John Stevens's qualifications to perform manual vehicle inspections on the vehicle in question.

RESPONSE:

76.     If the vehicle and/or trailer in question was/were leased, provide a copy of the lease agreement between you (i.e., the motor carrier) and the lessor.

RESPONSE:

77.     A copy of the title to the vehicle and/or trailer in question.

RESPONSE:

78.     Any and all agreements or other written documents, letters, directives, memoranda, and notes in the possession of Michael John Stevens, including those in the possession of any employee or agent, your parent company, sister subsidiaries or insurers dealing with the disposition of the vehicle being operated by Michael John Stevens at the time of the incident in question.

RESPONSE:

79.     All service bulletins regarding the systems on the vehicle in question regarding recurring problems as discovered by maintenance staff; maintenance changes instituted as a result of improved procedures; or for any other reason that maintenance staff had issued a service bulletin on the system.

RESPONSE:

80.     The name, address, telephone number and a job description for all mechanics employed by you who performed any maintenance on the vehicle that was involved in this accident from the date

of purchase to the present.

RESPONSE:

81.     Please list the names, addresses and telephone numbers of all supervisors, foremen, and/or maintenance managers employed by you on the date of the incident in question and for one (1) year prior to the incident in question.

RESPONSE:

82.     Your repair records and work orders (not computer printouts) regarding all repairs made to vehicle in question from the date of purchase until the date of the incident in question.

NOTE: This should include both the front and the back of all work orders/repair records.

RESPONSE:

83.     All of your purchase orders, which grant approval for all repairs made to the vehicle in question.

RESPONSE:

84.     The code for computer printout of repairs made to the vehicle in question on the date of the incident in question and for the six (6) months prior to the incident in question.

RESPONSE:

85.     If not otherwise provided herein, complete copies of all files and file materials of or concerning the vehicle and trailer in question, regardless of how such materials are categorized and/or maintained.

RESPONSE:

86.     Copies of all breakdown reports received by you concerning the vehicle in question for the date of the incident in question and for the six (6) months prior to the incident in question.

RESPONSE:

87.     Copies of all accident reports involving the vehicle in question from the date of the incident in question and for the six (6) months prior to the incident in question.

RESPONSE:

88.     Any and all governmental or private reports issued, concerning the incident, vehicles and/or individuals made the basis of this lawsuit.

RESPONSE:

89.     Any notes, records, or statements produced to facilitate completion of the accident register pursuant to compliance with 49 CFR Part 390.15 of the Federal Motor Carrier Safety Regulations, regarding any incident or collisions in which Michael John Stevens was involved while employed by or for you.

RESPONSE:

90.     The accident register and reports filed pursuant to 49 CFR Part 390.15 of the Federal Motor Carrier Safety Regulations regarding the incident made the basis of this lawsuit, and any other incidents or collisions in which Michael John Stevens was involved while employed by or for you.

RESPONSE:

91.     Any and all of Michael John Stevens's collision or incident reports reported to the directors of the various Regional Motor Carrier Safety Offices of the Federal Highway Administration, including the "incident made the basis of this suit," and all previous collisions involving Michael John Stevens as a person driving for you, as required by FMCSR, section 394.9.

RESPONSE:

92.     Any and all state or municipal accident reports, and accident reports created by you regarding any and all accidents in which Michael John Stevens, as a person driving for you, was involved, as required by FMCSR, section 390.30 and 391(b)(5).

RESPONSE:

93.     Copies of any documents regarding the reporting of the incident made the basis of this lawsuit to you, whether Michael John Stevens or another person made such reporting.

RESPONSE:

94.     If hazardous materials were transported in the incident in question, additional incident reports required by the Federal Department of Transportation.

RESPONSE:

95.     Copies of all bills, invoices or other documents reflecting the purchase, lease, installation, repair and/or use of any cell phones owned by your driver on the day before and day of this collision.

RESPONSE:

96.     True and correct copies of all studies performed which are in your possession, on the subjects of:

(a)     The effect(s) of driver fatigue on driver performance; and,

(b)     Hazards associated with driving large commercial vehicles.

RESPONSE:

97.     Copies of any and all studies, papers and/or any other document which reflects your company's knowledge of:

(a)     The problem of driver fatigue;

(b)     The relationship of driver fatigue on a driver's performance;

(c)     The number of traffic accidents involving commercial carriers occurring in the United States each year;

(d)     The number of traffic fatalities and serious injuries resulting from accidents involving commercial carriers occurring in the United States each year;

(e)     The importance of and reason behind the "ten-hour rule"; and

(f)     The importance of and reason behind the "seventy-hour rule."

RESPONSE:

98.     All documents presented, considered or reviewed at any company meeting discussing, in whole or in part, any or all of the topics referred to in the preceding Request for Production.

RESPONSE:

99.     Any material provided by you to the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any fatality or major accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

RESPONSE:

100.    Copies of any material provided to you by the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any fatality or major injury accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

RESPONSE:

101.    Copies of any material provided by you to the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any injury and/or property damage accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

RESPONSE:

102.    Copies of any material provided to you the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any injury and/or property damage accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

RESPONSE:

103.    Any documents relating to a review and evaluation by the U. S. Department of Transportation, Federal Highway Administration, for a period of six (6) years preceding date of accident.

RESPONSE:

104.    If you contend that the incident in question was caused, in whole or in part, by any defect or condition existing on or with or on account of the vehicles, roadway or any traffic control devices, please produce all documents which substantiate such contention.

RESPONSE:

105.    Documentation identifying your business character on the date of the incident in question.

RESPONSE:

106.    All organizational charts, organizational directories, and/or other documents depicting, in whole or in part, the organization and/or structure of one or more of the entities described in the definition of your company attached hereto. These organization charts are requested for the time period from 2015 to the present.

RESPONSE:

107.    Produce a copy of the company's carrier profile maintained in the MCMIS.

RESPONSE:

108.    Produce a copy of all documents showing the company's BASIC measurements at any time in the three years before the wreck through one year after.

RESPONSE:

109.    Produce a copy of all documents and communications demonstrating that the company ever took issue with any BASIC measurement or sought to have data underlying any BASIC measurement corrected.

RESPONSE:

110.    Produce copies of any government agency documents showing interventions from three years before the wreck to one year after the wreck, including the following:

      a.     warning letters;
      b.     results from any targeted roadside inspection;
      c.     results from any off-site investigation;
      d.     results from any on-site investigation;
      e.     any cooperative safety plan;
      f.     any notice of violation;
      g.     any notice of claim or settlement agreement; and
      h.     any notice that the company or driver was unfit or unsatisfactory.

       This request specifically includes any other intervention that the company received after the date of the wreck that refers to it.

111.    All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any named or potential defendants to this claim.

RESPONSE:

112.    Further to your disclosures made in response to Tex. R. Civ. P. 194.2(g), if any pertinent insurance policy is an aggregate or "eroding" policy and the annual aggregate has been reduced, please produce all settlement documents and/or agreements relevant to the payment of any claim reducing such aggregate, as well as any documents reflecting the degree to which such policy has been eroded by defense fees and/or costs.

RESPONSE:

113.    In addition to those materials disclosed in response to Tex. R. Civ. P. 194.2(h) ("settlement agreements"), please produce a copy of any letter, memo or document relating to any settlement agreement, cost- or evidence-sharing agreement, or any other understanding, between any party or witness, pertaining to the conduct or disposition of this case.

RESPONSE:

114.    Any contract, agreement, or documentation between you and any other actual or potential party-defendant or "responsible third party" (RTP) in this cause which states or explains the working and/or employment arrangement(s) between you and any other actual or potential party-defendant or RTP at the time of the incident.

RESPONSE:

115.    In addition to those materials disclosed in response to Tex. R. Civ. P. 194.2(g) ("indemnity and insuring agreements"), please also produce complete copies of all agreements pertaining to the

defense or satisfaction of any claims arising out of the incident in question, whether or not specifically encompassed by any indemnity or insuring agreement that may or might be called upon to satisfy all or part of any judgment obtained in this cause.

RESPONSE:

116.    Pursuant to Rule 609(f) of the Texas Rules Evidence, please produce any evidence concerning the conviction of Plaintiff which you may use or intend to use at the time of trial, or in any motion presented to the Court in this cause.

RESPONSE:

117.    Please produce any information relating to criminal conviction to be used for impeachment purposes against any party, witness, expert, or person with knowledge of relevant facts.

RESPONSE:

118.    Please produce all documents which indicate that any or all of Plaintiff's conditions were, in whole or in part, pre-existing in nature or otherwise the result of circumstances other than the collision in question.

RESPONSE:

119.    If you contend that the injuries and damages of Plaintiff was caused, in whole or in part, by any defect or condition existing on or with or on account of the vehicle occupied by Plaintiff at the time of the incident in question, please produce all documents which substantiate such contention.

RESPONSE:

120.    Please produce all documents, records and tangible things concerning Plaintiff which you have obtained from the Social Security Administration.

RESPONSE:

121.    Please produce all documents, records and tangible things concerning Plaintiff which you have obtained from the Internal Revenue Service.

RESPONSE:

122.    Please produce all documents, records and tangible things concerning Plaintiff which you have obtained from any source via any authorization provided by Plaintiff, regardless of the timing of or rationale for the provision of any such authorization.

RESPONSE:

123.    Please produce any and all affidavits you have obtained pursuant to Texas Rule of Evidence

902 and which you allege purport to authenticate documents relevant to the accident and/or injuries made the basis of this lawsuit.

RESPONSE:

124.   A true and correct copy of any documents or other graphic or written materials not otherwise produced herein which you may use as an exhibit at the trial of this case.

RESPONSE:

125.   Please produce a copy of any and/or all document retention policies which resulted in the destruction of documents responsive to Plaintiff's discovery in this case.

RESPONSE:

126.   Please produce all data bases and/or indices listing, describing, and/or otherwise containing one or more of the documents produced to the Plaintiffs in this case, including, but not limited to, those documents produced on microfilm. If said data bases and/or indices are stored and/or can be stored in a manner such that they may be retrieved on a computer, please provide a copy of the disk or other media on which such indices are stored, with appropriate information as to the file names, location on the disk, and/or the software/hardware necessary to retrieve such information.

RESPONSE:

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS TO DEFENDANT KNIGHT TRANSPORTATION, INC.

To:    Knight Transportation, Inc.

Plaintiff serves the following Request for Admissions on Defendant Knight Transportation,

Inc. which are to be answered in accordance with the Texas Rules of Civil Procedure.

### REQUEST FOR ADMISSIONS

1:      Admit that on the date of the collision, Michael John Stevens was an employee of  Knight Transportation, Inc.

RESPONSE:

2:      Admit that at the time of the collision, Michael John Stevens was acting in the course and scope of his employment with Knight Transportation, Inc.

RESPONSE:

3:      Admit that at the time of the collision, you owned the vehicle being driven by Michael John Stevens.

RESPONSE:

4:      Admit that no act or omission of anyone other Michael John Stevens caused or contributed to the collision.

RESPONSE:

5:      Admit that no act of God caused or contributed to the collision.

RESPONSE:

6:      Admit that no act or omission of any third party (not already a party to this lawsuit) caused or contributed to the collision.

RESPONSE:

7:      Admit that the vehicle was operating properly at the time of the collision.

RESPONSE:

8:      Admit that the collision was caused by the negligence of Michael John Stevens.

RESPONSE:

9:      Admit that you were responsible for maintaining the condition of the vehicle.

 RESPONSE:

10      Admit that you gave Michael John Stevens permission to drive the vehicle at the time of the collision.

RESPONSE:

11.     Admit that your company (or others on its behalf) examined, photographed, or investigated the vehicle(s)  prior to receiving service of Plaintiff's Original Petition.

RESPONSE:

12.     Admit that your company (or others on its behalf) examined, photographed, or investigated the accident scene made the basis of this lawsuit prior to receiving service of Plaintiff's Original Petition.

RESPONSE:

13.     Admit that your company (or others on its behalf) examines, photographs and/or investigates all vehicle(s) and/or accident scenes involving your vehicles and/or drivers, as a matter of company policy or procedure.

RESPONSE:

14.     Admit that you have insufficient evidence with which to claim that Plaintiff was negligent in a way which was a proximate cause of the injuries or damages made the basis of this suit.

RESPONSE:

15.     Admit that you had written or oral communications with Michael John Stevens  on or about the date  of the incident (i.e., February 10, 2016).

RESPONSE:

16.     Admit that, from the time your company was formed to February 10, 2016 you possessed the financial ability and resources necessary to implement all procedures, checks, programs and policies needed to promote, ensure and require safe driving practices and compliance with federal and state motor carrier vehicle regulations by persons driving for you.

RESPONSE:

17.     Admit that you authorized Michael John Stevens to drive for Defendant on the date  (i.e.

February 10, 2016) in the manner in which he drove for you on or about the date , immediately prior to the incident made the basis of this suit.

RESPONSE:

18.     Admit that you know that the provisions of the Federal Motor Carrier Safety Regulations prescribe at least the minimum requirements of a person fit to drive for Defendant.

RESPONSE:

19.     Admit that you know that it is necessary for you to fully comply with the various provisions of the Federal Motor Carrier Safety Regulations in order to determine whether a person is fit to drive for Defendant.

RESPONSE:

20.     Admit that you know that a person not authorized by the Federal Motor Carrier Safety Regulations to drive commercial vehicles is unfit to drive for Defendant.

RESPONSE:

21.     Admit that it would be reckless for you to employ a person to drive for you without fully complying with the various provisions of the Federal Motor Carrier Vehicle Regulations.

RESPONSE:

22.     Admit that you approved of the manner in which Michael John Stevens  operated the vehicle(s)  immediately prior to, and during, the incident made the basis of this suit.

RESPONSE:

23.     Admit that you approved of the frequency of, and the manner in which, Michael John Stevens  filled out his log books and daily inspection reports.

RESPONSE:

24.     Admit that you approved of the manner in which Michael John Stevens  chose to observe "the ten-hour rule," "the seventy-hour rule" and other provisions of the Federal Motor Carrier Safety Regulations.

RESPONSE:

25.     Admit that the individual employed by you to interview Michael John Stevens  for employment was employed in a managerial capacity and was acting within the scope of his employment with you when he conducted your employment interview, the processing of Michael John Stevens 's employment application, Michael John Stevens training given to Michael John

Stevens and the road test completed by Michael John Stevens.

RESPONSE:

26.     Admit that you approved of the manner in which individuals working in your Safety Department (or the equivalent, if operated under a different name), conducted Michael John Stevens's interview, the processing of the employment application, Michael John Stevens training given to Michael John Stevens and the road test completed by Michael John Stevens.

RESPONSE:

27.     Admit that you approve of the manner in which the individuals working in your Safety Department chose to ensure Michael John Stevens's compliance with "the ten-hour rule" and "the seventy-hour rule" and other provisions of the Federal Carrier Safety Regulations.

     RESPONSE:

28.     Admit that, while driving for you, Michael John Stevens was required to submit himself to your control with respect to the details of driving for you.

RESPONSE:

29.     Admit that you have a non-delegable responsibility to the general driving public to ensure that all persons driving for you are qualified to drive under the Federal Motor Carrier Safety Regulations, and that failing to do so would be a reckless act on your part.

RESPONSE:

30.     Admit that you have a non-delegable responsibility to the general driving public to ensure that all persons driving for you are fully complying with the provisions of the Federal Motor Carrier Safety Regulations, and that failing to do so would be a reckless act on your part.

     RESPONSE:

31.     Admit that you have a non-delegable responsibility to the general driving public to ensure that each person driving for you is not driving in a fatigued condition, and that failing to do so would be a reckless act on your part.

RESPONSE:

32.     Admit that you had knowledge of the fact that driver fatigue is the number one cause of commercial carrier motor vehicle collisions, and deaths resulting there from, at the time you hired Michael John Stevens to drive for you.

RESPONSE:

33.    Do you admit that a violation of a BASIC can lead to a crash?

RESPONSE:

34.    Do you admit that violation of a BASIC increases the risk of a crash?

RESPONSE:

35.    Do you admit that any violation of BASIC is unsafe?

RESPONSE:

36.    Do you admit that these are the seven BASICS and their corresponding federal regulation numbers and/or related data sources?

    (a) Unsafe Driving: FMCSR Parts 392 and 397;
    (b) Fatigued Driving (Hours-of-Service): FMCSR Parts 392 and 395;
    (c) Driver Fitness: FMCSR Parts 383 and 391;
    (d) Controlled Substances/Alcohol: FMCSR Parts 382 and 392;
    (e) Vehicle Maintenance: FMCSR Parts 393 and 396;
    (f) Cargo-Related: FMCSR Parts 392, 393, 397 and HM Violations; and
    (e) Crash Indicator: It is based on information from State-reported crashes.

RESPONSE:

37.    Do you admit that violation of a BASIC endangers the public?

RESPONSE:



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ____ day of ____ A.D. ____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

FILED
DALLAS COUNTY
2/22/2017 3:45:05 PM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

**CIVIL CASE INFORMATION SHEET**

DC-17-02209

| | |
|---|---|
| CAUSE NUMBER (FOR CLERK USE ONLY): | COURT (FOR CLERK USE ONLY): |

STYLED Chanita Hooks v. Knight Transportation and Michael John Stevens

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Spencer P. Browne | Email: spencer@reyeslaw.com | Plaintiff(s)/Petitioner(s): Chanita Hooks | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 5950 Berkshire Lane, Ste 410 | Telephone: (214) 526-7900 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, TX 75225 | Fax: (214) 526-7910 | Defendant(s)/Respondent(s): Knight Transportation, Inc<br>Michael John Stevens | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No: 24040589 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☒ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

A-2

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___ day of ___ A.D. ___

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

# FORM NO. 353-3 – CITATION
# THE STATE OF TEXAS

To:

**KNIGHT TRANSPORTATION, INC.**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CHANITA HOOKS**

Filed in said Court **22nd day of February, 2017** against

**KNIGHT TRANSPORTATION, INC. AND MICHAEL JOHN STEVENS**

For Suit, said suit being numbered **DC-17-02209**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 24th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _/s/ Alejandra Hernandez_____, Deputy
ALEJANDRA HERNANDEZ

---

**ESERVE**

**CITATION**

DC-17-02209

**CHANITA HOOKS**
vs.
**KNIGHT TRANSPORTATION, INC.,**
et al

ISSUED THIS
**24th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALEJANDRA HERNANDEZ, Deputy

**Attorney for Plaintiff**
SPENCER BROWNE
SPENCER@REYESLAW.COM
5950 BERKSHIRE LANE
SUITE 410
DALLAS TX 75225
214-526-7900

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

A-3

# OFFICER'S RETURN

Case No. : DC-17-02209

Court No.160th District Court

Style: CHANITA HOOKS

vs.

KNIGHT TRANSPORTATION, INC., et al

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____

For mileage   $ _____   of _____ County, _____

For Notary   $ _____   By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____,

to certify which witness my hand and seal of office.

_____   _____
Notary Public _____ County

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office

GIVEN UNDER my hand and seal of said Court, at office
in Dallas, Texas, this 21ST day of A.D. 2017

**FELICIA PITRE, DISTRICT CLERK**
**DALLAS COUNTY, TEXAS**

By_____Deputy

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

ESERVE (COH)

To:    MICHAEL JOHN STEVENS
       BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY
       AND PUBLIC TRANSPORTATION COMMISSION
       125 E 11TH STREET
       AUSTIN TEXAS 78701-2483

CITATION

CHANITA HOOKS
vs.
KNIGHT TRANSPORTATION, INC., et al

No.: DC-17-02209

ISSUED
ON THIS THE 24TH DAY OF
FEBRUARY, 2017

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **160th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **CHANITA HOOKS**

Filed in said Court 22nd day of February, 2017 against
**KNIGHT TRANSPORTATION, INC. AND MICHAEL JOHN STEVENS**

For suit, said suit being numbered   **DC-17-02209**   the nature of which demand is as follows:
Suit On   **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 24th day of February, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **ALEJANDRA HERNANDEZ,** Deputy

Attorney for : Plaintiff
**SPENCER BROWNE**
**SPENCER@REYESLAW.COM**
**5950 BERKSHIRE LANE**
**SUITE 410**
**DALLAS TX 75225**
**214-526-7900**

By _____
       /s/ Alejandra Hernandez
     **ALEJANDRA HERNANDEZ** , Deputy



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

A-4

Cause No: DC-17-02209

Court No: 160th District Court

Style: CHANITA HOOKS
vs.
KNIGHT TRANSPORTATION, INC., et al

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Received this Citation the _____ day of _____, 20 ___ at _____ o'clock. Executed at _____, within the County of _____, on the _____ day of _____, 20 ___, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

------000000------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20 ___ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ___, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

------000000------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

| | | |
|---|---|---|
| For Serving Citation | $ _____ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

To certify which witness by my hand.

(Must be verified if served outside the State of Texas)

State of _____
County of _____

Signed and sworn to me by the said _____ before me this _____ day of _____, 20 ___, to certify which witness my hand and seal of office.

Seal

_____
State & County of

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, District Clerk of
Texas, do hereby certify that the above and foregoing is a true and correct copy of Dallas County,
record in my office as the same appears on
record.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office
in Dallas, Texas, this __21st__ day of __March 2017__

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

Dianne Coffey

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

To:

KNIGHT TRANSPORTATION, INC.
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CHANITA HOOKS**

Filed in said Court   **22nd day of February, 2017**

**KNIGHT TRANSPORTATION, INC. AND MICHAEL JOHN STEVENS**

For Suit, said suit being numbered **DC-17-02209**, the nature of which demand is as follows:

Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 24th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By   **/s/ Alejandra Hernandez**
ALEJANDRA HERNANDEZ _____, Deputy

---

**ESERVE**

**CITATION**

DC-17-02209

**CHANITA HOOKS**
vs.
**KNIGHT TRANSPORTATION, INC.,**
et al

ISSUED THIS
**24th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: ALEJANDRA HERNANDEZ, Deputy

**Attorney for Plaintiff**
SPENCER BROWNE
SPENCER@REYESLAW.COM
5950 BERKSHIRE LANE
SUITE 410
DALLAS TX 75225
214-526-7900

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

A-5

# OFFICER'S RETURN

Case No. : DC-17-02209

Court No. 160th District Court

Style: CHANITA HOOKS

vs.

KNIGHT TRANSPORTATION, INC., et al

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____ .M. Executed at

within the County of _____ at _____ o'clock _____ .M. on the _____ day of

20_____ , by delivering to the within named _____ .

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _____

For mileage             $ _____    of _____ County.

For Notary              $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____ .

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

## AFFIDAVIT OF SERVICE

**State of Texas**                **County of DALLAS**                **160th District Court**

Case Number: DC1702209

Plaintiff:
**CHANITA HOOKS**

vs.

Defendant:
**KNIGHT TRANSPORTATION, INC, ET AL.**

FWT2017000359

For:
Spencer P. Browne
REYES BROWNE
5950 Berkshire Ln.
Ste. 410
Dallas, TX 75225

Received by Alliance Civil Process, Inc. on the 27th day of February, 2017 at 3:40 pm to be served on **KNIGHT TRANSPORTATION, INC. BY DELIVERING TO CT CORPORATION SYSTEM, REGISTERED AGENT, 1999 BRYAN STREET, SUITE 900, DALLAS, DALLAS County, TX 75201**.

I, Monty R. Crabb, being duly sworn, depose and say that on the **1st day of March, 2017** at **9:25 am, I:**

delivered a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCLOSURE** with the date of service endorsed thereon by me, to:

**KNIGHT TRANSPORTATION, INC. BY DELIVERING TO CT CORPORATION SYSTEM, REGISTERED AGENT** by delivering to **LAURA PEREZ** as **AUTHORIZED AGENT** at the address of: **1999 BRYAN STREET, SUITE 900, DALLAS, DALLAS County, TX 75201**, who stated they are authorized to accept service.

I certify that I am over the age of 18, have no interest in the above action, and am authorized by written order of the court to serve citation and other notices. I have personal knowledge of the facts stated above and declare under penalty of perjury that each is true and correct.

Subscribed and Sworn to before me on the 2
day of ___March___, 2017 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

D'ANN R. GARDNER
Notary Public, State of Texas
My Commission Expires
May 01, 2019

_____
**Monty R. Crabb**
SCH 378; Exp. 7/31/17

**Alliance Civil Process, Inc.**
**1601 Gill St.**
**Fort Worth, TX 76131**
**(817) 306-4150**

Our Job Serial Number: FWT-2017000359
Ref: 236939
Service Fee: 70

Copyright © 1992-2013 Database Services, Inc - Process Server's Toolbox V7.0l

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that has compared this instrument
to be a true and accurate copy of the original as appears on
record in my office.

GIVEN UNDER my hand and seal of said Court, at office
in Dallas, Texas, this ___2___ day of __March__ A.D., __2017__.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ **Deputy**

FILED
DALLAS COUNTY
3/13/2017 10:29:21 AM
FELICIA PITRE
DISTRICT CLERK

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

**ESERVE (COH)**

**CITATION**   Dianne Coffey

To:     **MICHAEL JOHN STEVENS**
        **BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY**
        **AND PUBLIC TRANSPORTATION COMMISSION**
        **125 E 11TH STREET**
        **AUSTIN TEXAS 78701-2483**

No.: DC-17-02209

GREETINGS:

You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the **160th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

KNIGHT TRANSPORTATION, INC., et al

CHANITA HOOKS
vs.

Said **PLAINTIFF** being **CHANITA HOOKS**

Filed in said Court 22nd day of February, 2017 against

**KNIGHT TRANSPORTATION, INC. AND MICHAEL JOHN STEVENS**

For suit, said suit being numbered   **DC-17-02209**   the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation
is not served, it shall be returned unexecuted.

ISSUED
**ON THIS THE 24TH DAY OF
FEBRUARY, 2017**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 24th day of February, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By _____
      /s/ Alejandra Hernandez
      **ALEJANDRA HERNANDEZ** , Deputy

By **ALEJANDRA HERNANDEZ**, Deputy



Attorney for : Plaintiff
**SPENCER BROWNE**
**SPENCER@REYESLAW.COM**
**5950 BERKSHIRE LANE**
**SUITE 410**
**DALLAS TX  75225**
**214-526-7900**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

A-6

Cause No. DC-17-02209

Court No: 160th District Court

Style: CHANTA HOOKS
vs.
KNIGHT TRANSPORTATION, INC., et al

## OFFICER'S RETURN
## FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____ within the County of _____, State of _____, on the _____ day of _____, 20____ at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

-------------000000-------------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____ within the County of _____, State of _____, on the _____ day of _____, 20____ at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____, President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

To certify which witness by my hand.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

| | | |
|---|---|---|
| For Serving Citation | $ _____ | Sheriff: _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)

State of _____
County of _____

Signed and sworn to me by the said _____

day of _____, 20____, to certify which witness my hand and seal of office.

before me this _____

Seal

State & County of _____

## AFFIDAVIT OF SERVICE

**State of Texas**        **County of Dallas**        **160th District Court**

Case Number: DC-17-02209

Plaintiff:
**Chanita Hooks**

vs.

Defendant:
**Knight Transportation, Inc and Michael John Stevens**

For:
Reyes, Brown, Reilley
5950 Berkshire Lane
Ste. 410
Dallas, TX 75225



Received by Alliance Civil Process, Inc. on the 28th day of February, 2017 at 1:22 pm to be served on **Michael John Stevens by serving the Chairman of the State Highway and Public Transportation Commission, 125 E 11th St, Austin, TX 78701-2483.**

I, Mike Techow, being duly sworn, depose and say that on the **1st day of March, 2017** at **3:50 pm, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **2 copies of Citation and Plaintiff's Original Petition and Request for Disclosure with $25 fee** with the date and hour of service endorsed thereon by me, to: **Bailey Hamer, State Highway and Public Transportation Commission as Authorized Agent for Michael John Stevens by serving the Chairman of the State Highway and Public Transportation Commission,** and informed said person of the contents therein, in compliance with State Statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 1st day of
March, 2017 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

       **Mike Techow**
SCH-1215, Exp. 7/31/17

**Alliance Civil Process, Inc.**
**1601 Gill St**
**Fort Worth, TX 76131**
**(817) 306-4150**

Our Job Serial Number: MST-2017001675
Ref: 2017000360

Copyright © 1992-2017 Database Services, Inc - Process Server's Toolbox V7 1e

**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I, FELICIA PITRE**, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

**GIVEN UNDER MY HAND AND SEAL** of said Court, at office
in Dallas, Texas, this _____ day of _____ A.D., ____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____ **Deputy**

DALLAS COUN
3/21/2017 5:32:08
FELICIA PIT
DISTRICT CLE

## CAUSE NO. DC-17-02209

| | | |
|---|---|---|
| CHANITA HOOKS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 160th JUDICIAL DISTRICT |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND MICHAEL JOHN STEVENS | § | |
| | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS KNIGHT TRANSPORTATION, INC. AND MICHAEL JOHN STEVENS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants Knight Transportation, Inc. and Michael John Stevens, Defendants herein, file this, their Original Answer to Plaintiff Chanita Hooks' Original Petition, and answer as follows:

### I.
### GENERAL DENIAL

1.    Defendants deny each and every, all and singular, the material allegations contained within Plaintiff's pleadings and any amendments or supplements thereto and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II.
### PRAYER FOR RELIEF

**WHEREFORE,** Defendants Knight Transportation, Inc. and Michael John Stevens pray that Plaintiff take nothing by this lawsuit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

A-7

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
214.777.4200 / Fax 214.777.4299

By: /s/ Zach T. Mayer
     Zach T. Mayer
     State Bar No. 24013118
     zmayer@krcl.com
     Nathan K. Tenney
     State Bar No. 24080017
     ntenney@krcl.com

**ATTORNEYS FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC. AND
MICHAEL JOHN STEVENS**

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of March 2017, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Spencer P. Browne
REYES BROWNE REILLEY
5950 Berkshire Lane, Suite 410
Dallas, Texas 75225
(214) 526-7900 Telephone
(214) 526-7910 Facsimile
spencer@reyeslaw.com
*Attorney for Plaintiff*

☐  E-MAIL
☐  HAND DELIVERY
☐  FACSIMILE (ANSWER ONLY)
☐  OVERNIGHT MAIL
☐  REGULAR, FIRST CLASS MAIL
☒  E-FILE AND E-SERVICE
☐  E-SERVICE (SERVICE ONLY)
☐  CERTIFIED MAIL/RETURN RECEIPT REQUESTED

/s/ Zach T. Mayer
Zach T. Mayer

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _____ A.D., _____.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

# DOCKET SHEET
## CASE NO. DC-17-02209

| | | |
|---|---|---|
| CHANITA HOOKS | § | Location: **160th District Court** |
| vs. | § | Judicial Officer: **JORDAN, JIM** |
| KNIGHT TRANSPORTATION, INC., et al | § | Filed on: **02/22/2017** |
| | § | |
| | § | |

---

### CASE INFORMATION

Case Type: **MOTOR VEHICLE ACCIDENT**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **PLAINTIFF** | **HOOKS, CHANITA** | **BROWNE, SPENCER** *Retained* 214-526-7900(W) |
| **DEFENDANT** | **KNIGHT TRANSPORTATION, INC.** | **MAYER, ZACH T** *Retained* 214-777-4200(W) |
| | **STEVENS, MICHAEL JOHN** | **MAYER, ZACH T** *Retained* 214-777-4200(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/22/2017 | NEW CASE FILED (OCA) - CIVIL | |
| 02/22/2017 | ORIGINAL PETITION | |
| 02/22/2017 | CASE FILING COVER SHEET | |
| 02/22/2017 | ISSUE CITATION | |
| 02/22/2017 | ISSUE CITATION COMM OF INS OR SOS | |
| 02/22/2017 | JURY DEMAND<br>Party: PLAINTIFF HOOKS, CHANITA | |
| 02/24/2017 | NOTE - CLERKS<br>*FORWARDED REQUEST TO DOCUMENT PRODUCTION. -DTH* | |
| 02/24/2017 | **CITATION**<br>KNIGHT TRANSPORTATION, INC.<br>Served: 03/01/2017<br>STEVENS, MICHAEL JOHN<br>Served: 03/01/2017<br>*ESERVE/AH* | |
| 02/24/2017 | CITATION ISSUED | |
| 03/02/2017 | RETURN OF SERVICE<br>*KNIGHT TRANSPORTATION INC* | |
| 03/13/2017 | RETURN OF SERVICE<br>*COH CITATION - MICHAEL JOHN STEVENS* | |
| 03/21/2017 | ORIGINAL ANSWER - GENERAL DENIAL | |

*Printed on 03/22/2017 at 12:17 PM*

A-8

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET

## CASE NO. DC-17-02209

Party: DEFENDANT KNIGHT TRANSPORTATION, INC.; DEFENDANT STEVENS, MICHAEL JOHN

| DATE | FINANCIAL INFORMATION | |
|------|-----------------------|--|
| | **PLAINTIFF** HOOKS, CHANITA | |
| | Total Charges | 347.00 |
| | Total Payments and Credits | 347.00 |
| | **Balance Due as of 3/22/2017** | **0.00** |
| 02/24/2017 | Charge | PLAINTIFF HOOKS, CHANITA | 347.00 |
| 02/24/2017 | CREDIT CARD - Receipt # 11823-2017-DCLK TEXFILE (DC) | PLAINTIFF HOOKS, CHANITA | (347.00) |



*Printed on 03/22/2017 at 12:17 PM*

STATE OF TEXAS
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this 22nd day of March A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy